IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

EDWARD B. HUELSMAN,

    Plaintiff,

    -vs-

ROBERT J. LINDEMAN, et al.,

    Defendants.

Case No. 3:12-cv-375

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a

plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Plaintiff brought this action to obtain relief from an alleged denial of his constitutional rights in an incident which apparently occurred on September 5, 2012. He asserts that Defendant Robert J. Lindeman, a judge of the Miami County Common Pleas Court,

> . . .denied me of a due process of law "trial" judge. Claimed if I didn't sign my constitutional rights away that he wouldn't try me and that I Edward B. Huelsman would be forced to have a jury trial. I informed him that I was allowed to verbally deny a jury trial and wished to be tried by him and I would never sign my constitutional rights away. I also told him that the ORC [Ohio Revised Code] he had on me didn't apply to me because I didn't do anything nor did I bear a real and substantial relationship to the public health, safety, morals or general welfare of the public.

(Complaint, Doc. No. 1-1, PageID 6.) Plaintiff seeks damages in the amount of $250,000.

The Complaint says absolutely nothing about Defendants Nasal, Moranda, or Davis except that Mr. Nasal is the prosecuting attorney of Miami County, Mr. Moranda is an officer of

some unnamed subdivision, and Mr. Davis is an attorney appointed to defend Mr. Huelsman in whatever case he had before Judge Lindeman.  As to those three Defendants, the Complaint should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

As noted above, Robert Lindeman is a judge of the Miami County Common Pleas Court and the only acts he is alleged to have done with respect to Mr. Huelsman are in his capacity as a judge.  The common law absolute immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S. (*Wall*) 355, 20 L. Ed. 646 (1872).  It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S. 547 (1967), and *Stump v. Sparkman*, 435 U.S. 349 (1978).  Immunity applies whether or not the judge acted correctly.  In this case, Judge Lindeman was correct that Ohio law requires that a jury trial waiver be in writing.  Ohio Revised Code § 2945.05.  But whether or not he was right, he is entitled to absolute immunity for his judicial acts.  The Complaint should be dismissed as to Judge Lindeman with prejudice.

November 5, 2012.

                                            s/  *Michael R. Merz*
                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).